IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 02-42129-JSS |
| | ) | Chapter 13 |
| LOTTIE TURNER, | ) | |
| | ) | |
| Debtor, | ) | |
| ================================================ | | |
| LINDA B. GORE, Trustee, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 02-G-2700-E |
| | ) | |
| CAPITAL ONE AUTO FINANCE, INC., | ) | |
| | ) | |
| Appellee. | ) | |

**********************************

| | | |
|---|---|---|
| CAPITAL ONE AUTO FINANCE, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 03-G-0291-E |
| | ) | |
| LINDA B. GORE, Trustee | ) | |
| | ) | |
| Appellee. | ) | |

## **MEMORANDUM OPINION**

This cause is before the court on appeal from an order entered by the Bankruptcy Court for the Northern District of Alabama awarding adequate protection payments in accordance with In re Cason, 190 B.R. 917 (Bankr. N.D. Ala. 1995). The court has jurisdiction pursuant to 28 U.S.C. § 158.

SUMMARY OF RELEVANT FACTS

In December 1998 the debtor purchased a used 1997 Toyota Camry for the price of $15,672.12 and financed the sum of $16,120.57 (including a service contract and

other fees in addition to the vehicle price.)  In June 2002 debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code.  The debtor's plan includes payment of $185 for the filing fee and $1,500 for an attorney's fee, both as administrative fees.  The debtor's plan proposes to pay the trustee $45.00 weekly by payroll deduction for 60 months to fund the debtor's plan.

Capital One Auto Finance, Inc. ("Capital One") is the only secured creditor in the debtor's plan; and the debtor's plan proposes to pay unsecured creditors nothing.  Capital One filed a proof of claim showing the total amount of its claim at the time of debtor's filing as $9,217.86, and no objection or motion for valuation was filed contesting Capital One's valuation of $8,100.00 on its collateral.

Capital One filed a motion for adequate protection and the Trustee filed an objection.  The debtor did not file an objection or contest the motion.   At the hearing on the motion, the parties stipulated that the debtor had made no post petition payments to Capital One, that the trustee will make no payments to Capital One prior to confirmation absent a court order requiring such pre-confirmation payments, and that the trustee will pay all administrative expenses in full after confirmation prior to any payment to Capital One absent a court order directing otherwise.  The parties also stipulated that the automobile securing Capital One's claim is a depreciating asset.

At the conclusion of the hearing, the bankruptcy court found that the collateral is depreciating at the rate of $172 per month and ordered adequate protection

payments in accordance with In re Cason (pro rata with administrative expenses upon confirmation.)

## ISSUES PRESENTED ON APPEAL

The parties are in agreement that three issues are presented on appeal:

1. Whether the bankruptcy court erred in adopting a multiple valuation approach for purposes of determining adequate protection payments?

2. Whether the bankruptcy court erred in requiring the trustee to make adequate protection payments?

3. If adequate protection payments are appropriate, did the bankruptcy court err in requiring the trustee to pay adequate protection payments concurrently with administrative expenses?

## STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).

## DISCUSSION

In determining the amount of adequate protection payments, the bankruptcy court utilized the multiple valuation approach of In re Cason. This resulted in the valuation date for the purposes of determining adequate protection payments being the

date Capital One filed for adequate protection.  In re Cason, 190 B.R. 917, 930.  However, in this circuit, the appropriate valuation date is the filing date of the petition.  In re Ruggiere Chrysler-Plymouth, 727 F.2d 1017, 1020 n. 4 (11th Cir. 1984)("Value is determined as of the filing date.").[1]  The two bankruptcy court decisions cited by the Eleventh Circuit to support its conclusion make clear the rationale behind setting the valuation at the time the petition is filed.  In In re Barkley-Cupit Enterprises, Inc., 13 B.R. 86 (Bankr. N.D. Ga. 1981), the court explained that adequate protection "is designed to protect the creditor's interest as it existed at the time of the filing of the petition, and to prevent damage and loss to a creditor's interest occurring after the filing."  Id. at 92.  This forms the basis for setting the valuation date at the time the petition is filed.  In La Jolla Mortgage Fund v. Rancho El Cajon Associates, 18 B.R. 283 (Bankr. S.D. Calif. 1982), the court noted that "[w]hile there is some debate as to the operative date for making the necessary calculation of the amount of the claim entitled to adequate protection, it appears that the value on the date, on which the petition commencing the case is filed, should be the benchmark for this purpose."  Id. at 287.  It is therefore clear that in the Eleventh Circuit the appropriate valuation date for the purposes of adequate protection is the date of the filing of the petition.

       Therefore, the bankruptcy court erred as a matter of law in applying the multiple valuation approach as set out in In re Cason.  Because resolution of this issue

---

[1] In re Ruggiere Chrysler-Plymouth was not inexplicably not cited or discussed by the bankruptcy court in In re Cason.

requires that the decision of the bankruptcy court be reversed, the court will not address the other two issues raised on appeal.  Those issues should be re-evaluated by the bankruptcy on remand, based upon a valuation date as of the filing of the petition.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 15 September 2005.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.